UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SELECTIVE INSURANCE COMPANY
OF AMERICA a/s/o HOME DELIVERY
ENTERPRISES, INC. d/b/a RETAIL
DELIVERY,

Verses

THE UNITED STATES OF AMERICA,
THE UNITED STATES DEPARTMENT
OF THE ARMY, THE UNITED STATES
NAVY, THE UNITED STATES
DEPARTMENT OF THE MARINES FORCES,
and KEITH RYAN WILSON.

**COMPLAINT**

Civil Action No.: 5:19-CV-441 [GTS/DEP]

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Selective Insurance Company of America, a/s/o/ Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, by counsel, for its Complaint against the Defendants, the United States of America, the United States Department of the Army, the United States Department of the Marines, and Keith Ryan Wilson states as follows:

### INTRODUCTION

1. This is an action against the defendants, the United States of America, the United States Department of the Army, the United States Department of the Marines, and Keith Ryan Wilson under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence in connection with a claim for property damage arising out of a vehicular accident.

2. The claims herein are brought against the defendant pursuant to 42 U.S.C. §233 (g)-(n) the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b) (1), for money damages as compensation for property damage caused by defendants' negligence.

3. Plaintiff, Selective Insurance Company of America, a/s/o/ Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.  Standard Form 95 attached as Exhibit 1 was served upon the United States Army, the United States Navy, and the United State Marine Forces.

4. This suit has been timely filed, in that plaintiff, Selective Insurance Company of America, a/s/o/ Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, timely served notice of claim on the Department of the Army, the Department of the Navy, and the Department of the United States Marines less than two years after the incident forming the basis of this suit.

5. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2675(a) since more than six months have passed since plaintiff has filed form 95 and the Department of Army, the Department of the Navy, and the Department of the Marines have taken no action.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, Selective Insurance Company of America (hereinafter "Selective"), at all times relevant hereto, was and is a foreign corporation licensed and authorized to conduct business in the State of New York.

7. At all times hereinafter mentioned Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery was, and is a Maryland corporation permitted to do business under the laws of the State of New York, with their principal offices in Hanover, Maryland.

8. Defendant United States of America, through its agencies, the Department of the Army, the Department of the Navy, and the Department of the Marines operate a base located at

1099 East Malloy Road, Syracuse, New York 13211, where the Department of the Army, the Department of the Navy, and the Department of the Marines allow personnel and equipment to access that base using East Malloy Road.

9. On April 21, 2017, the defendants' employees or personnel were transporting a piece of equipment to the base located at 1099 East Malloy Road using an escort vehicle because the equipment did not have proper lights or flashers because that piece of equipment had a battery issue.

10. On April 21, 2017, the vehicle transporting the piece of equipment with the inoperable lights and flashers stopped on the side of East Malloy Road, in the vicinity of 1099 East Malloy Road when the escort vehicle left its position and turned into the base entrance located at 1099 East Malloy Road in order to seek admittance onto the base.

11. At that time, the piece of equipment was partially on the driving surface of East Malloy Road; however it was without operable lights or flashers, warning signs, or personnel to direct traffic around these unlit vehicles.

12. Rickey R. Sherwood, Jr. was operating a vehicle owned by Ryder Truck Rental and leased to and insured by Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, pursuant to the terms of its rental agreement, when Rickey R. Sherwood, Jr., unable to see the unlit piece of equipment, struck that piece of equipment with the vehicle he was operating.

13. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

14. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omission forming the basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

15. That, upon information and belief, and at all times hereinafter mentioned, on April 21, 2017, Keith Ryan Wilson, as operator, and Andrew Butterworth were transporting a piece of equipment using a vehicle for towing, both owned by the defendants on East Malloy Road, Syracuse, New York at approximately 21:10 military time.

16. That, upon information and belief, Keith Ryan Wilson, as operator of that towing vehicle, and Andrew Butterworth, both in the service of the defendants, stopped the vehicle that was transporting this defective piece of equipment partially on the driving surface of East Malloy Road, with the intention of turning into 1099 East Malloy Road, where the defective equipment was being transported.

17. On April 21, 2017, this defective piece of equipment was being transported to 1099 East Malloy Road using the services of an escort vehicle because the piece of equipment did not have a functioning battery, rendering the lights and flashers that the equipment was equipped with inoperable.

18. At some point, the escort vehicle, after the towing vehicle came to a stop on East Malloy Road, Syracuse, New York, left its position and turned into the base located at 1099 East Malloy Road, leaving the defective piece of equipment on the driving surface of East Malloy Road in an unlit condition, without warning signs or personnel present to warn the driving public or Ricky R. Sherwood, Jr. of the obstruction existing in the road's driving surface.

19. On April 21, 2017, at approximately 21:10 military time was lawfully operating the subject vehicle of East Malloy Road, when his vehicle struck the unlit piece of equipment, causing damages complained of herein.

## FIRST CAUSE OF ACTION

20. That the acts and or omissions to act constituting the negligence of defendants, through their agents, servants and/or employees, are as follows:

a. Negligently failing to warn the driving public, including Rickey R, Sherwood, Jr. what an unlit piece of equipment was on the driving surface of East Malloy Road and that it was not visible.

b. Negligently failing to warn Rickey R, Sherwood, Jr. what an unlit piece of equipment was on the driving surface of East Malloy Road and that it was not visible.

c. Negligently leaving an unlit piece of equipment on the driving surface of East Malloy Road and that it was not visible.

d. Negligently failing to properly train and/or supervise Keith Ryan Wilson and Andrew Butterworth not to leave an unlit piece of equipment on the driving surface of East Malloy Road and that it was not visible.

e. Negligently removing the escort vehicle from its position where it provided a warning to the driving public, including Rickey R. Sherwood, Jr., resulting in an unlit piece of equipment remaining on the driving surface of East Malloy Road where it was not visible.

21. That, solely due to the negligence of the defendants, the plaintiff's subrogor, Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, sustained property damages, and as a direct and proximate result of the negligence of defendants, plaintiff, pursuant to its policy of insurance issued to Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, made payment for these damages.

22. That, upon information and belief, and at all times relevant hereto, said individuals involved in the negligence stated above were acting in their scope as agents, servants and/or employees of defendants.

23. That, in the alternative, defendant is vicariously liable for the acts and/or omissions to act of said individuals.

**WHEREFORE**, plaintiff, Selective Insurance Company of America, a/s/o/ Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, does hereby pray that judgment be entered in its favor and against the defendants as follows:

A. In FIRST CAUSE OF ACTION, money damages sufficient to compensate the Infant plaintiff, Selective Insurance Company of America, a/s/o/ Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery, for all of his damage and loss in the amount of $56,000, plus Home Delivery Enterprises, Inc. d/b/a/ Retail Delivery deductible in the amount of $5,000.

DATED:   April 15, 2019          LIPPMAN O'CONNOR

*/s/ Gerard E. O'Connor*

Gerard E. O'Connor
Attorneys for Selective Insurance Company of
America, a/s/o/ Home Delivery Enterprises, Inc.
d/b/a/ Retail Delivery
300 Olympic Towers
300 Pearl Street
Buffalo, New York 14202
Telephone No.: (716) 854.4705